## SUPERFLEX PRODUCTS INC
### v FLOWER et

Ohio Appeals, 9th Dist, Summit Co

No 2886. Decided Dec 13, 1937

Willis Bacon, Akron, for Appellee.
Jos. G. Ehrlich, Cleveland, and Carson, Howes & Roderick, Akron, for Appellants.

## OPINION

By STEVENS, PJ.

The record in this case discloses that Superflex Products, Inc., a corporation located at Akron, Ohio, was indebted to The Canton Corrugated Box Co. in the amount of $255.46.

After certain preliminary negotiations between counsel for said companies, looking towards a settlement of said account, an agreement was entered into whereby, on February 1, 1936, Superflex Products, Inc., executed its promissory note in the amount of $255.46 to The Canton Corrugated Box Co., payable as. follows: "$40.46 immediately, the balance of $215 shall be payable $15 a month for the next three consecutive months, after which payments will be $25 per month until fully liquidated, the last payment to be $20."

Said note contained a warrant of attorney authorizing the confession of judgment thereon in the event of failure to pay any installment upon the note when due, and also contained an acceleration clause which entitled the holder thereof to declare the entire balance due and payable in the event of default.

Accompanying said note when the same was sent by Willis Bacon, attorney for Superflex Products, Inc., to Joseph G. Ehrlich, attorney for The Canton Corrugated Box Co., was a letter from said Bacon dated February 3, 1936, a copy of which is as follows:

"Enclosed you will find note, and a check for $40.46. I think I have corrected the note exactly according to your instruction over the phone.

"If not, do not accept this note but write out a new one as you understand it and return it to us for execution. At any rate, a $15 a month payment will be made, due on the 1st of each month.

"I would like to ask you, Mr. Ehrlich, not to put this note in judgment without notifying us first of overdue payments so that we can make payments. Sometimes these things slip in an office that we are trying to run economically and where the bookkeeper has a lot of work to do.

"I wish to make that one of the conditions of this arrangement to settle. Until further notice you can notify me at any time that there is any payment due and I will immediately send you a check. If you could drop me a card two or three days in advance, it might help." (Emphasis ours).

An acknowledgment of the receipt of said letter by Joseph G. Ehrlich, attorney for The Canton Corrugated Box Co., was forwarded to Willis Bacon, attorney, on February 8, 1936, which letter was as follows:

"Your letter of Feb. 3rd received inclosing the note and first installment of $40.46. The note as corrected is agreeable. We will expect the next installment of $15 on March 1st—as per your letter of Feb. 3rd. As requested, we will call this matter to your attention should there be default and give an opportunity to remit by return mail after such notice to avoid our taking of judgment—due to such default."

On June 1, default was made in the payment then due, and The Canton Corrugated Box Co. thereupon declared an acceleration of the unpaid balance, instituted suit upon said note, and recovered a judgment by confession in the Municipal Court of Cleveland, Ohio, in the sum of $170 and costs.

Prior to the taking of said judgment a letter dated May 21, 1936, had been sent by counsel for The Canton Corrugated Box Co. to Superflex Products, Inc., advising said box company that its payments had not been made in accordance with the provisions of said note, and requesting the prompt payment of the installment due on June 1st.

After procuring the judgment in the Municipal Court of Cleveland, an execution was issued thereon to the sheriff of Sum-

mit county, and a levy made upon the property of Superflex Products, Inc.

An action was thereupon instituted in the Common Pleas Court of Summit county by Superflex Products, Inc., to enjoin the enforcement of said execution and the collection of said judgment, for the reason that the judgment taken upon said cognovit note by The Canton Corrugated Box Co. was taken before default had been made in the payments specified in said note, and in alleged contravention of the conditions of Bacon's letter of February 3rd,

It was claimed that thereby a fraud was perpetrated upon the Municipal Court of Cleveland, and that the judgment so obtained is void and unenforceable; and an injunction was sought and allowed by the trial court enjoining the enforcement and collection of said judgment, and awarding to Superflex Products, Inc., $185, as damages in satisfaction of an obligation for attorney's fees claimed to have been incurred by Superflex Products, Inc., in the prosecution of this injunction suit.

Appeal on questions of law and fact brings the matter into this court.

Assuming, without deciding, that Bacon was authorized to impose conditions in connection with the payment of the promissory note executed by Superflex Products, Inc., to The Canton Corrugated Box Co., we are constrained to the belief that, by the terms of the note, as well as by the terms of Bacon's letter accompanying said note when the same was transmitted to counsel for The Canton Corrugated Box Co., the payments upon said note were due on the 1st of each month following February 1st, 1936; that there was default in the June 1 payment of said note according to its tenor; that the conditions precedent sought to be imposed by Bacon relative to giving notice before the reduction of said note to judgment, if of any binding effect, were complied with by The Canton Corrugated Box Co. through the letter of its counsel to Superflex Products, Inc., dated May 21, 1936.

It is our further conclusion that Bacon, individually, was not entitled to notice, in addition to that given to  Superflex Products, Inc., under the provisions of his letter of February 3, 1936.

We are, therefore, of the opinion that the judgment rendered by the Municipal Court of Cleveland was not rendered through the perpetration of a fraud upon the court, and that said judgment was and is, so far as this case is concerned, a valid, binding judgment.

It necessarily follows that if said judgment was valid, its enforcement, under the facts presented by this record, could not properly be enjoined in an independent action.

It is not contended in this action that the note in question was paid or that the obligation was not a valid, subsisting obligation owing from Superflex Products, Inc., to The Canton Corrugated Box Co.— the contention of Superflex Products, Inc., being merely that the June 1 installment was not due at the time the judgment was taken, and that the judgment was therefore prematurely taken and fraudulently obtained.

The case of **Darst v Phillips, 41 Oh St 514,** which is principally relied upon by appellee, we believe to have no bearing upon the issues presented by the record in this case.

A decree may be prepared dismissing the petition of Superflex Products, Inc., at its costs, with exceptions.

WASHBURN, J, and DOYLE, J, concur in judgment.